IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIM WESLEY DAVIS, # 30453-138 | § | |
|       Petitioner, | § | |
| | § | |
| v. | § | 3:15-CV-2202-B-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|       Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was automatically referred to the United States Magistrate Judge. On June 30, 2015, Petitioner, a federal prisoner incarcerated in Indiana, filed a petition for writ of audita querela. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

Petitioner was convicted of two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, was sentenced to 32 years' imprisonment and a five-year term of supervised release, and was ordered to pay $19,168.00 in restitution. *United States v. Davis*, 3:08-CR-036-B-1 (N.D. Tex. 2008), *appeal dismissed as frivolous,* 333 Fed. App'x. 866 (5th Cir. 2011). He unsuccessfully sought relief under 28 U.S.C. § 2255. *See Davis v. United States*, No. 3:09cv2229-B (N.D. Tex. 2009) (denying section 2255 motion).

In his petition for writ of audia querela, Petitioner asserts the United States lost or surrendered jurisdiction over his person when he was returned to state custody following his conviction in this case to serve his state sentences, and later when the United States allegedly declined to take him into custody after he was paroled from the Texas Prison system. [Doc. 3 at 5].

## II. ANALYSIS

"The writ of audita querela permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993), *abrogated in part on other grounds by Padilla v. Kentucky,* 559 U.S. 356 (2010); *see also United States v. Miller,* 599 F.3d 484, 489 (5th Cir. 2010) ("a writ of audita querela is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition."). Even assuming the writ survives, it "is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy." *Miller,* 599 F.3d at 488; *see also Banda,* 1 F.3d at 356 (petitioner may not seek a writ of *audita querela* if he "may seek redress under § 2255").

Here, Petitioner is not challenging the judgment of conviction based on a legal defense that arose after the judgment. Rather he claims Respondent lost jurisdiction over his person when he was paroled from the Texas Department of Criminal Justice and he was not immediately transferred to the Bureau of Prisons to serve his federal sentence. Because Petitioner challenges the manner in which his sentence is executed, his claim appears cognizable under 28 U.S.C. § 2241. *See Padilla v. United States,* 416 F.3d 424, 426 (5th Cir. 2005) (28 U.S.C. § 2241 "is the proper procedural vehicle in which to raise an attack on 'the manner in which a sentence is executed.'"). Therefore, his petition for writ of audita querela should be summarily dismissed without prejudice.

Even liberally construing his petition as being brought under section 2241, the Court lacks jurisdiction to consider the same. Although Petitioner was sentenced on his federal case in this Court, any section 2241 action must be brought in the district in which he is confined. *See Lee v. Wetzel,* 244 F.3d 370, 373-374(5th Cir. 2001) (holding the sentencing court lacked

jurisdiction over the section 2241 petition because the petitioner was not incarcerated within that district, and remanding the case with instructions to dismiss without prejudice). According to his pleadings, Petitioner is presently confined within the BOP in Indiana. Thus, any section 2241 action should be brought there.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for audita querela should be summarily **DISMISSED** without prejudice. Even liberally construing the petition as being brought under 28 U.S.C. § 2241, it should be **DISMISSED** without prejudice for lack of jurisdiction.

SIGNED July 13, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE